IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DORA P. BIRGE                                                                             PLAINTIFF

v.                                          CIVIL NO. 17-05250

NANCY A. BERRYHILL, Commissioner                          DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Dora P. Birge, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her application for DIB on July 9, 2015, alleging an inability to work since July 1, 2015, due to degenerative disc disease, rheumatoid arthritis, herniated discs, bulging discs, spondylitis, multiple bone spurs, hypersomnolence, hypoglycemia, hypoactive thyroid, and depression. (Tr. 245, 441). An administrative hearing was held on March 26, 2016, at which plaintiff appeared with counsel and testified. (Tr. 278-316).

By written decision dated August 19, 2016, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: bilateral carpal tunnel syndrome status post bilateral carpal tunnel release; degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; osteoarthritis; and anxiety.

(Tr. 243-246). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Id.). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.157(b) except that she can perform frequent, but not repetitive, handling, grasping, and fingering. In addition, she can perform work with simple tasks and simple instructions and incidental contact with the public.

(Tr. 246). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform any of her past relevant work, but would be capable of performing work as an office helper, content inspector, or blending tank tender. (Tr. 256).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

2

Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001; see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20C.F.R. SS404.1520, abrogated on other grounds by Higgens v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R §404.1520.

## III. Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ properly developed the record; 2) Whether the ALJ erred in failing to find Plaintiff's hypersomnolence and nocturnal hypoxemia to be severe impairments; and 3) Whether the ALJ erred in his RFC determination.

### A. Development of the Record

Plaintiff argues that the ALJ committed reversible error in failing to order a consultative examination in this case, as there was no RFC assessment which was given more than little weight. (ECF No. 11, pp. 4-5).

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir.1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir.2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record and reversal on these grounds requires that the failure to develop the record was unfair or prejudicial. Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995), McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011). The duty to develop the record extends only to ordering additional medical examinations and tests if the medical records presented do not provide enough information to determine whether the claimant is disabled. Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).

In this case, there were adequate medical records for the ALJ to make an RFC determination. The ALJ's RFC finding was supported by diagnostic imaging of Plaintiff's cervical, thoracic, and lumbar spine, treating source opinion, and non-examining medical expert opinions. (Tr. 247-254). As discussed further below, the ALJ considered the opinions

4

of non-examining medical consultants, treatment records, and Plaintiff's own reports in assessing the effects of her hypersomnolence and nocturnal hypoxemia on her ability to work.

Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### B. Severity of Impairments

Plaintiff argues that ALJ erred in not finding her hypersomnolence and nocturnal hypoxemia to be severe as her symptoms interfered with her daily activities. (Doc. 11, pp. 2-3).

At Step Two, a claimant has the burden of providing evidence of functional limitations in support of her contention of disability. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." Id. (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987); 20 C.F.R. § 404.1521(a)). "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." Id. (citing Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007)). Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by the medical record. Johnston v. Apfel, 210 F.3d 870, 875 (8th Cir. 2000); see also Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000) (plaintiff bears the burden to establish severe impairments at step-two of the sequential evaluation).

In making his step two determination, the ALJ considered Plaintiff's allegations regarding her hypersomnolence and nocturnal hypoxemia and examined her medical records regarding diagnosis and treatment with Dr. Dmitry Formin, Dr. David Estes, Dr. Thurman, and

Dr. Brenda Rude. (Tr. 247-249). The ALJ noted that Plaintiff was seen by Dr. Formin on September 1, 2015, and assessed with persistent mild hypoxemia during sleep with several possible etiologies. (Tr. 248, 824). Dr. Formin discussed therapeutic naps and lifestyle modifications with Plaintiff. (Id.). Although not specifically noted by the ALJ, the record shows Plaintiff reported she was not using her nighttime oxygen in February of 2016 because it was too expensive. (Tr. 1782). In March of 2016, Plaintiff saw Dr. Thurman and reported she was sleeping with oxygen at night and was not falling asleep during the day anymore. (Tr. 1795). Plaintiff was seen by Dr. Rude in April of 2016, who opined that Plaintiff's hypersomnolence was unlikely to improve until her nighttime oxygen desaturation improved and planned to refer her to a sleep medicine doctor. (Tr. 249, 1771).

The ALJ also considered Plaintiff's own reports of her symptoms. At the Administrative hearing held on May 26, 2016, Plaintiff testified that she went to bed each night around ten or eleven and woke up just after five to get her children to school and would try to take a fifteen to twenty-minute nap after they were off to school. (Tr. 307). Plaintiff further testified that she had been advised by her doctors to try and take three fifteen-minute naps per day, but that she had difficulty finding the time to take them and still felt tired or even worse upon waking. (Tr. 309-310).

The Court finds the ALJ did not commit reversible error by failing to find Plaintiff's hypersomnolence and nocturnal impairments to be severe impairments during the relevant time period.

### C. Residual Functional Capacity Assessment

Plaintiff argues that the ALJ erred in his RFC assessment as Plaintiff's recommended therapeutic naps were not consistent with sustained work activities for eight hours a day. (Doc.

6

11, p. 4). Plaintiff also argues that there was no support for Plaintiff's RFC assessment, as there was no RFC assessment from a physician that was accorded more than little weight. (Id., pp. 4-5).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, Civil No. 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

In the present matter, the ALJ gave little weight to the RFC assessments provided by the state agency medical consultants, as he determined they were not restrictive enough. (Tr. 255). The RFC assessments provided by non-examining medical and psychological consultants provided a higher level of RFC than the ALJ's final determination. (Tr. 255). The

7

ALJ assigned these assessments little weight because evidence in Plaintiff's treatment records and her subjective complaints indicated that Plaintiff's additional medically determinable impairments required greater limitations. (Tr. 255). However, the ALJ gave substantial weight to the treatment records, including the statement of treating physician Dr. Thaddeus Beck, who opined that plaintiff could do sedentary or light work in April of 2016. (Tr. 255, 1748).

The ALJ also considered the evidence in Plaintiff's treatment records, as discussed above, which showed that her hypersomnolence and nighttime hypoxemia symptoms were reduced when she was compliant with her nighttime oxygen.

The ALJ considered Plaintiff's need for therapeutic naps, but found that her need for naps was inconsistent with her own testimony. (Tr. 254). The ALJ noted Plaintiff's testimony that naps aggravated her symptoms, and also that daytime naps were inconsistent with her reported activities of daily living. (Id.). At the administrative hearing, Plaintiff reported that she had difficulty finding time for the recommended three naps per day, in large part due to the time she spent caring for her two young special needs children and taking them to therapy and school. (Tr. 307-310).

There was sufficient evidence in the record from which the ALJ could make an informed decision concerning Plaintiff's disability claim. Further, "[r]eversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995). Plaintiff fails to establish any prejudice from the ALJ's decision not to obtain any further medical evidence. The Court finds that despite the ALJ's assignment of little weight to all medical opinion evidence provided, his RFC determination was based upon substantial evidence.

**IV. Conclusion**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice

IT IS SO ORDERED this 8th day of March, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE